UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL MAZZEI,<br><br>        Petitioner,<br><br>    v.<br><br>RON DAVIS, Warden,<br><br>        Respondent. | No. 2:14-cv-1720 GEB KJN P<br><br><br>ORDER |

I. Introduction

      Petitioner is a state prisoner, proceeding pro se, with a petition for writ of habeas corpus. Respondent's motion to dismiss this action as barred by the statute of limitations is pending. Petitioner filed an opposition to the motion to dismiss, and renewed his motion for the appointment of counsel, or, in the alternative, to supplement the opposition to the motion to dismiss. In addition to incorporating his arguments contained in his previous motion for counsel, petitioner contends that respondent's failure to address Martinez v. Ryan, 132 S. Ct. 1309, 1317 (2012), and to include all pertinent exhibits, demonstrates the necessity to appoint counsel in the interests of justice. Petitioner further contends that in Christeson v. Roper, 135 S. Ct. 891 (2015), "the Supreme Court extended Martinez to equitably toll a nearly seven-year lapse in raising federal habeas claims where the failure to raise them within a year of the state conviction was due to ineffective assistance of counsel." (ECF No. 26 at 3.) Petitioner argues that he is a Canadian

citizen, unschooled in the United States public school or legal system, and is without prior experience in the criminal justice system. Petitioner contends that the procedural issues at issue are particularly complex and beyond petitioner's ability to adequately litigate in pro se or as a prisoner. Petitioner states his choice of counsel would be the same attorney who represented him in the underlying state habeas proceedings, Meredith Fahn, or any other appellate counsel the court deems suitable. (ECF No. 26 at 10.) Ms. Fahn is a panel attorney on the CJA panel, and is "available and willing to be appointed in this case on the same terms applicable to appointed counsel from the CJA panel." (ECF No. 26 at 10-11.)

II. Discussion

Because respondent's motion to dismiss is based on the grounds that petitioner's claims are barred by the statute of limitations, respondent was not required to address Martinez, and petitioner's reliance on Martinez in this context is misplaced. In Martinez, the Supreme Court recognized a narrow means by which a prisoner can show "cause" to excuse a state procedural default of a claim based upon alleged ineffective assistance of counsel at trial. See Martinez, 132 S. Ct. at 1315. The Supreme Court's decision does not address or create an exception to the AEDPA statute of limitations. California district courts have consistently rejected the argument that the decision in Martinez provides relief for time-barred petitions in the form of equitable tolling of that statute of limitations. See, e.g., Price v. Paramo, 2014 WL 5486621 (E.D. Cal. Oct. 29, 2014) (collecting cases); see also Arthur v. Thomas, 739 F.3d 611, 630-31 (11th Cir. 2014) (holding that Martinez does not affect applicability of Section 2254's statute of limitations), cert. denied, 135 S. Ct. 106 (2014); White v. Martel, 601 F.3d 882, 884 (9th Cir. 2010) (pre-Martinez case holding that the adequacy analysis used to decide procedural default issues was inapplicable to the determination of whether a federal habeas petition was barred by the AEDPA statute of limitations), cert. denied, 131 S. Ct. 332 (2010). Because Martinez is not applicable in the instant context, any difficulties in applying Martinez do not support the appointment of counsel at this time.

Petitioner's reliance on Christeson v. Roper, 135 S. Ct. 891, 894-95 (2015) (per curiam), a capital case, to support his request for appointment of counsel is also unavailing. The Court did

not "extend" Martinez, as argued by petitioner (ECF No. 26 at 3); indeed, the Court did not even mention Martinez. Christeson, 135 S. Ct. at 891-97. Rather, after the respondent filed his motion in Christeson, the Supreme Court found that an inmate, who had been sentenced to death, was entitled to substitute federal habeas counsel who would not be laboring under a conflict of interest. Christeson, 135 S. Ct. at 894-95. Christeson's original federal habeas counsel had missed the filing deadline for the first federal habeas petition, and could not be expected to argue that Christeson was entitled to equitable tolling of the statute of limitations.

Here, petitioner is not facing a sentence of death, and thus does not benefit from the mandatory right to appointment of counsel in federal habeas capital cases. Moreover, there is no conflict of interest warranting the appointment of counsel because petitioner was proceeding pro se until the state appellate court appointed counsel, long after petitioner's pro se habeas petition was denied on May 14, 2007.

The court appreciates petitioner's former counsel's willingness to be appointed to represent petitioner here. But at the present time, the court declines to appoint counsel.

In light of the above rulings, the court will provide petitioner with the standards governing the pending motion to dismiss, including equitable tolling, address his motion for evidentiary hearing, and grant petitioner an extension of time to file one opposition[1] to the motion to dismiss, and to address the issue of equitable tolling. Petitioner may rely on his prior declaration (ECF No. 25 at 9-28) by reference in his opposition filed in response to this order. Petitioner need not re-submit his exhibits, but may simply refer to them in the opposition. All of the exhibits filed by the parties to date remain in the court record and may be referred to by either party without having to re-attach such exhibits to further filings.

III. Standards Governing Pending Motion to Dismiss

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act ("AEDPA") was enacted. Section 2244(d)(1) of Title 8 of the United States Code provides:

---

[1] In his opposition, petitioner relies on Ex parte Swain, 34 Cal.2d 300 (Cal. Sept. 26, 1949), and appears to argue that Swain governs the statute of limitations calculation. Petitioner is cautioned, however, that in this court, the AEDPA statute of limitations applies, as set forth in section III.

3

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Section 2244(d)(2) provides that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the limitations period. 28 U.S.C. § 2244(d)(2).

Section 2244(d)(2) provides that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the limitations period. 28 U.S.C. § 2244(d)(2). Generally, this means that the statute of limitations is tolled during the time after a state habeas petition has been filed, but before a decision has been rendered. Nedds v. Calderon, 678 F.3d 777, 780 (9th Cir. 2012). However, "a California habeas petitioner who unreasonably delays in filing a state habeas petition is not entitled to the benefit of statutory tolling during the gap or interval preceding the filing." Id. at 781 (citing Carey v. Saffold, 536 U.S. 214, 225-27 (2002)). Furthermore, the AEDPA "statute of limitations is not tolled from the time a final decision is issued on direct state appeal and the time the first state collateral challenge is filed because there is no case 'pending' during that interval." Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), overruled on other grounds by Carey, 536 U.S. at 214. Thus, "[t]he period between a California lower court's denial of review and the filing of an original petition in a higher court is tolled --

4

because it is part of a single round of habeas relief -- so long as the filing is timely under California law." Banjo v. Ayers, 614 F.3d 964, 968 (9th Cir. 2010).  However, when, as here, a petitioner has filed multiple state habeas petitions, "[o]nly the time period during which a round of habeas review is pending tolls the statute of limitation; periods between different rounds of collateral attack are not tolled."[2]  Banjo, 614 F.3d at 968 (citation omitted).

Generally, a gap of 30 to 60 days between state petitions is considered a "reasonable time" during which the statute of limitations is tolled, but six months is not reasonable.  Evans v. Chavis, 546 U.S. 189, 210 (2006) (using 30 to 60 days as general measurement for reasonableness based on other states' rules governing time to appeal to the state supreme court); Carey, 536 U.S. at 219 (same); Waldrip v. Hall, 548 F.3d 729, 731 (9th Cir. 2008) (finding that six months between successive filings was not a "reasonable time").

State habeas petitions filed after the one-year statute of limitations has expired do not revive the statute of limitations and have no tolling effect.  Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed"); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001).

Later Commencement of the Limitations Period

Title 28 U.S.C. § 2244(d)(1)(D) states that the limitations period shall run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."  Id.  The objective standard in determining when time begins to run under Section 2244(d)(1)(D) is "when the prisoner knows (or through diligence

---

[2] The Ninth Circuit has articulated a "two-part test to determine whether the period between the denial of one petition and the filing of a second petition should be tolled.  First, we ask whether the petitioner's subsequent petitions are limited to an elaboration of the facts relating to the claims in the first petition.  If the petitions are not related, then the subsequent petition constitutes a new round of collateral attack, and the time between them is not tolled.  If the successive petition was attempting to correct deficiencies of a prior petition, however, then the prisoner is still making "proper use of state court procedures," and habeas review is still pending.  Second, if the successive petition was not timely filed, the period between the petitions is not tolled."  Banjo, 614 F.3d at 968-69 (citations and internal quotation marks omitted).  In Hemmerle v. Schriro, 495 F.3d 1069, 1075 (9th Cir. 2007), the Ninth Circuit explained that "[i] the petition was denied on the merits, we will toll the time period between the two properly-filed petitions; if it was deemed untimely, we will not."  Id. at 1075.

could discover) the important facts, not when the prisoner recognizes their legal significance." Hasan v. Galaza, 254 F.3d 1150 (9th Cir. 2001). "Due diligence does not require 'the maximum feasible diligence,' but it does require reasonable diligence in the circumstances." Ford v. Gonzalez, 683 F.3d 1230, 1235 (9th Cir. 2012) (citation omitted). Thus, "[a]lthough section 2244(d)(1)(D)'s due diligence requirement is an objective standard, a court also considers the petitioner's particular circumstances. Id. The requirement of due diligence generally implies an affirmative duty to investigate after some triggering event has raised or should have raised the suspicion that further investigation might prove fruitful. See, e.g., Singh v. Gonzales, 491 F.3d 1090, 1096 (9th Cir. 2007) (habeas petitioner claiming ineffective assistance of counsel in immigration proceeding did not exercise due diligence, and thus did not qualify for equitable tolling, because he failed "to definitively learn of [a] fraud after he became suspicious of the fraud.").

IV.  Standards Governing Equitable Tolling

Equitable tolling is available to toll the one-year statute of limitations available to 28 U.S.C. § 2254 habeas corpus cases. Holland v. Florida, 130 S. Ct. 2549, 2560 (2010). A litigant seeking equitable tolling must establish: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way. Pace, 544 U.S. at 418. The Ninth Circuit has explained:

> To apply the doctrine in "extraordinary circumstances" necessarily suggests the doctrine's rarity, and the requirement that extraordinary circumstances "stood in his way" suggests that an external force must cause the untimeliness, rather than, as we have said, merely "oversight, miscalculation or negligence on [the petitioner's] part, all of which would preclude the application of equitable tolling.

Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011 (9th Cir.) (internal citation omitted), cert. denied, 130 S. Ct. 244 (2009); see also Stillman v. LaMarque, 319 F.3d 1199, 1203 (9th Cir. 2003) (petitioner must show that the external force caused the untimeliness). In other words, a habeas petitioner seeking equitable tolling must show that "his untimeliness was caused by an external impediment and not by his own lack of diligence." Bryant v. Ariz. Atty. Gen., 499 F.3d 1056, 1061 (9th Cir. 2007), citing Roy v. Lampert, 465 F.3d 964, 973 (9th Cir. 2006). The

1  diligence required for equitable tolling purposes is "reasonable diligence," not "maximum

2  feasible diligence." See Holland, 560 U.S. at 2565; see also Bills v. Clark, 628 F.3d 1092, 1096

3  (9th Cir. 2010).  Thus, whether a party is entitled to equitable tolling "turns on the facts and

4  circumstances of a particular case." Spitsyn v. Moore, 345 F.3d 796, 801 (9th Cir. 2003); Doe v.

5  Busby, 661 F.3d 1001, 1012 (9th Cir. 2011) ("[W]hether a prisoner is entitled to equitable tolling

6  under AEDPA will depend on a fact specific inquiry by the habeas court which may be guided by

7  'decisions made in other similar cases.'"), citing Holland, 560 U.S. at 650.  It is petitioner's

8  burden to demonstrate that he is entitled to equitable tolling. Espinoza-Matthews v. California,

9  432 F.3d 1021, 1026 (9th Cir. 2005).

10 V.   Evidentiary Hearing

11        Petitioner seeks an evidentiary hearing to "resolve disputes of fact."  (ECF No. 25 at 1.)

12        A habeas petitioner's motion for an evidentiary hearing should be granted when "a good-

13 faith allegation that would, if true, entitle petitioner to equitable tolling." Laws v. LaMarque, 351

14 F.3d 919, 921 (9th Cir. 2003).  However, if the petitioner's claim can be resolved on the existing

15 record, a federal evidentiary hearing is unnecessary. Baja v. Ducharme, 187 F.3d 1075, 1078 (9th

16 Cir. 1999).  Moreover, conclusory allegations, that are unsupported by specific facts, do not

17 warrant an evidentiary hearing. Williams v. Woodford, 306 F.3d 665, 686 (9th Cir. 2002).

18        To the extent petitioner seeks an evidentiary hearing on the merits of the petition, for

19 example, to determine questions of credibility as to petitioner and his defense counsel, such

20 motion is premature.  As set forth above, the court must first determine whether the petition was

21 timely filed.

22        If petitioner seeks an evidentiary hearing on the issue of due diligence in support of a

23 claim of equitable tolling of the AEDPA statute of limitations, petitioner must set forth specific

24 facts demonstrating that such an evidentiary hearing is required.  Here, petitioner has provided his

25 own detailed declaration, a declaration by inmate Storm, a declaration by his former habeas

26 counsel, as well as multiple exhibits supporting his efforts in this action.  Indeed, the exhibits

27 provided by the parties exceed 1,000 pages in a case where no jury trial was conducted.  (ECF

28 Nos. 1 at 16-188; 18-1 to 18-4; 26 at 19-55.)  Given this record, petitioner has failed to

demonstrate the need for an evidentiary hearing.  Thus, petitioner's motion for evidentiary hearing is denied without prejudice.

## VI. Conclusion

While it is apparent that both petitioner and his former habeas counsel are eager for this court to reach the merits of his claims, the court must first address whether the petition is timely under the constraints of AEDPA.  At the present time, the court does not find that the interests of justice would be served by the appointment of counsel.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's renewed motions for appointment of counsel (ECF No. 25, 26) are denied without prejudice;

2. Petitioner's motion for evidentiary hearing (ECF No. 25) is denied without prejudice; and

3. Petitioner is granted thirty days in which to file an opposition to the motion to dismiss; respondent's reply shall be filed fourteen days thereafter.

Dated:  April 27, 2015

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/mazz1720.110

8